UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY HAYNES, #224393,

       Plaintiff,

                                 Civil No: 2:08-CV-13091
                                 Honorable Gerald E. Rosen
                                 Magistrate Judge Charles E. Binder

v.

KEITH IVENS, et, al.,

       Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

This matter is before the Court on Plaintiff's motion for appointment of counsel. Plaintiff, an inmate currently at the Standish Maximum Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. Plaintiff alleges that defendants, Correctional Medical Services, Inc. (CMS), Michigan Department of Corrections (MDOC) Pain Management Committee members, two doctors, two nurses, a physician's assistant and other unnamed medical personnel, were deliberately indifferent to his serious medical needs stemming from a sciatica condition.

In support of his request for counsel, Plaintiff states that he is unable to afford counsel, the issues require medical expert testimony, he will need counsel to conduct discovery, and he has limited access to resources to prepare for the jury trial he has requested.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell,* 975 F.2d 261 (6th Cir. 1992). Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; see also *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

It appears that, from reading the complaint and other papers he has submitted, Plaintiff has an adequate understanding of the issues and matters involved in this case, and is able to articulate the claims and arguments in a reasonable fashion. It also appears that the issues raised in his complaint are straightforward and understandable and not of an unduly complex nature. Should dispositive motion(s) be decided in Plaintiff's favor, Plaintiff may re-file the motion for the appointment of counsel.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" [dkt. #3] is **DENIED WITHOUT PREJUDICE**.

                        s/Gerald E. Rosen  
                        Chief Judge, United States District Court

Dated: March 31, 2009

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.

                                                 s/LaShawn R. Saulsberry
                                                 Case Manager