UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY HAYNES, #224393,

       Plaintiff,

                                    Civil No: 2:08-CV-13091
                                    Honorable Gerald E. Rosen
                                    Magistrate Judge Charles E. Binder

v.

KEITH IVENS, et, al.,

       Defendant.

_____/

**OPINION & ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Randy Haynes, an inmate currently at the Standish Maximum Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. He alleges that defendants, Correctional Medical Services, Inc. (CMS), Michigan Department of Corrections (MDOC) Pain Management Committee members, two doctors, two nurses, a physician's assistant and other unnamed medical personnel, were deliberately indifferent to his serious medical needs stemming from a sciatica condition. Pending before the Court is Plaintiff's motion for preliminary injunction.

Plaintiff complains of perceived inadequacies in the medical care that he is receiving relative to his back. He requests that the Court prohibit defendants from interfering with the medical treatment that he needs for his sciatica condition. Plaintiff asserts that his "L-2 vertebrae is under extreme risk of permanent injury" if his motion

not granted.  (Pl. Mot. .at 2).

## I.  DISCUSSION

### A.  Preliminary Injunction Standard

"A preliminary injunction is an extraordinary remedy which would be granted only if the movant carries his [ ] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). In deciding whether to grant or deny a preliminary injunction, the Court must balance four factors: (1) whether the plaintiff has shown a strong or substantial likelihood of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction.  *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000).  The four factors are not prerequisites to be met, but must be balanced.  *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1992).

### B.  Analysis

First, at this stage in the litigation, Plaintiff has not shown a strong or substantial likelihood of success on the merits.  Plaintiff must show "a close causal connection between the policy and the injuries suffered" and plead facts that support that such a policy or custom exists.  *Mullins v. Stratton,* 878 F.Supp. 1016, 1019-20 (E.D. Ken. 1995).  The courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo,* 457 U.S. 307, 321 (1982).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts

are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff's generalized statements that defendants have interfered with his medical treatment as it pertains to his back by failing to provide certain medications and therapy does not rise to the level of demonstrating a strong substantial likelihood of success on the merits.

Second, Plaintiff's allegations also do not rise to the level of "irreparable injury," as Plaintiff has not presented clear evidence that his condition has worsened or that defendants have caused irreparable injury at this time. Plaintiff admits in his complaint that under defendants' care, he has undergone reflex stress tests, x-ray testing, and magnetic resonance imaging (MRI) testing. Plaintiff further admits that he has received muscle relaxants and pain medication. Therefore, although Plaintiff argues that defendants' efforts in treating his medical condition are inadequate, he has not shown that defendants' actions are worsening his condition.

Third, Plaintiff's request may cause substantial harm to the MDOC in that the process to request medical care will be disrupted. The MDOC has a specific kite procedure for inmates to request medical care, and the individual medical providers do not have the authority to overrule the medical staff when they are following the procedures put in place. Allowing an injunction in this case will disrupt the acceptable procedures the MDOC has in place, and may cause substantial harm to the defendants.

Finally, the Supreme Court has held that as long as prison administrators rationally pursue a legitimate penological objective, their decisions based upon their informed discretion should be given wide ranging deference. *Jones v. North Carolina*

*Prisoners' Union,* 433 U.S. 119 (1977).  The preliminary injunction requested by Plaintiff would be an unnecessary intrusion into the daily operation of the MDOC.

## II.  CONCLUSION

The Court finds that the balance of the factors does not favor granting Plaintiff's motion for a preliminary injunction.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Preliminary Injunction" [dkt. #4] is **DENIED.**

                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated:  March 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.

                                    s/LaShawn R. Saulsberry
                                    Case Manager